UNITED STATES of America, Plaintiff,

v.

Jeff BOYD, Edgar Cooksey, Andrew Craig, Charles Green, Sammy Knox, Felix Mayes, and Noah Robinson, Defendants.

No. 89 CR 908.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 13, 1994.

---

Kenneth Hanson, Chicago, IL, for Jeff Boyd.

Victor Pilolla, Oak Park, IL, for Edgar Cooksey.

Eugene O'Malley, Chicago, IL, for Andrew Craig.

Joshua Sachs, Chicago, IL, for Charles Green.

Michael Falconer, Chicago, IL, for Sammy Knox.

Ronald J. Clark, Chicago, IL, for Felix Mayes.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This matter comes before the court on remand from the Seventh Circuit. Consistent with that court's order, we grant defendants' motions for new trials for the reasons set forth in our Memorandum Opinion and Order of September 20, 1993.

On September 20, 1993, in a comprehensive Memorandum Opinion and Order, we ordered new trials for the defendants after finding significant prosecutorial misconduct before and during their trials. The government appealed. On November 7, 1994, the Court of Appeals remanded the original appeals of the defendants from their convictions back to this court for entry of new, new trial orders pursuant to *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) and *United States v. Blankenship*, 970 F.2d 283 (7th Cir.1992). On remand, defendants have moved this court "to amend its Memorandum and Opinion of September 20, 1993, to include instances of prosecutorial misconduct which have subsequently come to light between then and now." The government opposes defendants' motion, arguing that the November 7 remand precludes us from modifying our September 20 Memorandum Opinion and Order with additional findings and that the government did not have ample opportunity to respond to allegations of misconduct made in various ancillary El Rukn hearings subsequent to our September order. We disagree. We would be remiss in failing to apprise the Court of Appeals of relevant matters of record subsequent to September 20, 1993, all of which evolved from allegations of misconduct which the government contested or had the opportunity to contest in hearings before this court in related El Rukn proceedings.

For this reason, we take the opportunity to note briefly several events which have occurred since we issued the new trial order which provide further support for the conclusion reached in our September 20, 1993 order. First, Henry Harris and Harry Evans filed motions to reject their plea agreements. In support of those motions, Harris and Evans and their respective counsel alleged that the government had entered "side deals" with the defendants regarding their plea agreements; these "side deals" were not disclosed at the trials or when the guilty pleas were taken by this court.[1] In addition, Derrick Kees and his attorney have testified under oath, in recent hearings held by this court, that Assistant United States Attorney William R. Hogan, Jr. made various assur-

---

1. For tactical reasons, Harris and Evans subsequently withdrew their motions.

ances regarding Kees' sentence which were outside the scope of the plea agreement, again contrary to Kees' trial testimony and his statement when we accepted his guilty plea.[2] Similarly, at Jackie Clay's sentencing, his attorney stated that "the reality of [Clay's] plea agreement was an understanding among everybody, not discussed by anybody, that if this prosecution was successful there could and would be renegotiation of this plea agreement." The Assistant United States Attorney representing the government at Clay's sentencing, Barry Elden, did not dispute this assertion.[3]

Finally, at Harry Evans' sentencing, Evans stated, and tape recordings of telephone conversations confirmed, that Assistant United States Attorney Theodore T. Poulos approached Evans about co-authoring a book regarding the El Rukns. During the entire time these discussions took place (between 1991 and August, 1992), Poulis was an Assistant United States Attorney assigned to the El Rukn prosecutions, and Evans was a cooperating witness testifying in the various El Rukn trials.[4]

Accordingly, although we do not ground our ruling herein on the foregoing recent events, the matters set forth above add further support to the conclusion of our September 20, 1993 order, that certain Assistant United States Attorneys behaved improperly in the course of defendants' trials, and throughout the El Rukn prosecution, and thereby compromised defendants' constitutional rights. We adopt our Memorandum Opinion and Order of September 20, 1993, and, for the grounds set forth therein, hereby grant defendants' motions for new trial. It is so ordered.

2. At the date of this order, the Kees hearing has not been concluded.

3. These allegations of prosecutorial misconduct do not constitute in and of themselves new and independent grounds for new trial absent an opportunity for the government to contest them fully in the context of a renewed evidentiary hearing on defendants' motion for new trial. Nevertheless, the allegations are consistent with the proven misconduct of the government and the nature of the unique and unprecedented relationships between the prosecutors and the cooperating defendants in the El Rukn cases as detailed in our September 20, 1993 order.

4. Defendants are given leave to supplement the record on appeal with the transcripts and exhibits referred to herein.